UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: : | |
| : | Case No. 20-00841-HWV |
| CRAIG BRADLEY DEIMLER and : | |
| WILLIAM OLIVER FISHER-DEIMLER, | Chapter 13 |
| : | |
| Debtors. | |
| | |
| SECRETARY OF LABOR, : | |
| : | Case No. 20-00841-HWV |
| Movant, : | |
| : | Chapter 13 |
| v. : | |
| | |
| CRAIG BRADLEY DEIMLER and : | |
| WILLIAM OLIVER FISHER-DEIMLER, | |
| : | |
| Respondents. | |

## SECRETARY OF LABOR'S OBJECTION TO CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 13 PLAN

Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary") hereby objects to confirmation of the First Amended Chapter 13 Plan filed by Debtors, Craig Bradley Deimler and William Oliver Fisher-Deimler ("Debtors"). The Secretary objects to Debtor's Plan because it: makes no provision for the payment of retirement contributions to the participants of the GCD Construction, Inc., SIMPLE IRA Plan ("Pension Plan") for which Debtors are personally liable as fiduciaries; makes payments for excessive and nonessential expenses; pays less than what Debtors' income enables them to pay to creditors and less than what a liquidation of their assets would produce; and, is based on an insufficient disclosure of Debtors' income and assets.

I.  BACKGROUND

The Secretary is responsible for enforcement of the fiduciary provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, ("ERISA").  Under ERISA, the Secretary has the authority to enforce ERISA and to obtain remedies redressing violations of the statute.  29 U.S.C. §§ 1132(a)(2), (5).

Pursuant to his authority, the Secretary initiated an investigation of the Pension Plan.  The Secretary has determined that Debtors acted as fiduciaries to the Pension Plan by withholding money from employees' pay as contributions to the Pension Plan but leaving them unremitted in the general accounts of GCD Construction, Inc. and using the employee contributions for other purposes.  Furthermore, Debtors deposited certain employee contributions late without paying interest and failed to make mandatory 3% matching contributions.

The employees' withheld but unremitted contributions constitute assets of the Pension Plan and as such Debtors were obligated to ensure they were deposited in the participants' accounts.  29 C.F.R. § 2510.3-102(a).  By exercising control over Pension Plan assets, in the form of the withheld but unremitted employee contributions, Debtors assumed the role of fiduciaries of the Pension Plan.  29 U.S.C. § 1002(21)(A).  Further, by exercising discretionary control and authority over the administration and management of the Pension Plan, Debtors acted as fiduciaries of the Pension Plan.  *Id.*

ERISA fiduciaries who breach their duties are personally liable for the losses they cause.  29 U.S.C. § 1109(a).  Debtors' actions violated ERISA by appropriating these Pension Plan assets and violating their fiduciary duties to act solely in the interest of the participants and beneficiaries and to act with the care, skill, prudence, and diligence

under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. 29 U.S.C. §§ 1104(a)(1)(A) and (B). Debtors' actions also violated ERISA by not holding Pension Plan assets in trust. 29 U.S.C. § 1103(a)(1). By using these Pension Plan assets for other purposes Debtors committed prohibited transactions in violation of ERISA. 29 U.S.C. § 1106(b)(1). By failing to correct these violations, Debtors are each liable as well. 29 U.S.C. § 1105(a)(3).

II. OBJECTIONS

    A. <u>Debtors' First Amended Chapter 13 Plan Makes No Payments to the Pension Plan</u>

The Secretary filed an unliquidated proof of claim with the Court on March 24, 2020 and amended and liquidated the proof of claim on August 31, 2020 in the amount of $47,167.43. The Secretary's claim consists of $39,306.43 owed to the Pension Plan including: $15,894.46 in withheld but unremitted employee contributions; $18,975.54 in mandatory employer 3% matching contributions; and, interest at the IRS underpayment rate of $4,436.43. 26 U.S.C. § 6621. Section 502(l) of ERISA provides for a 20% penalty on amounts owed to plans such as the Pension Plan. 29 U.S.C. § 1132(l). Therefore, Debtors owe a penalty of $7,861 to the Secretary of Labor as well.

Debtors' debt to the Pension Plan is an unsecured priority debt pursuant to Section 507(a)(5) of the Bankruptcy Code. 11 U.S. Code § 507(a)(5). The Debtors' First Amended Chapter 13 Plan does not provide for any payments to the Pension Plan. Therefore, Debtors' Plan is defective under Section 1322(a)(2) of the Bankruptcy Code which requires that unsecured priority creditors must be paid in full. 11 U.S.C. § 1322(a)(2).

3

B.  <u>Debtors Do Not Fully Disclose Their Assets and Income</u>

Debtors' disclosures of their assets and income are inadequate. Debtors produced inadequate documentation of their current earnings and of their real estate holdings. The mortgage and tax payments for the real estate suggest Debtors have undervalued them or that they are not worth the continued expense for the income Debtors claim they produce.

C.  <u>Debtors' Monthly Expenses Are Excessive</u>

Debtors' Plan provides for unnecessary and excessive expenses which decrease the recovery for creditors. 11 U.S.C. § 1325(b). Debtors list unnecessary payments in their First Amended Chapter 13 Plan to be made on vacation timeshares and on multiple personal vehicles. Debtors do not explain why these payments are necessary or how they produce additional amounts to repay creditors. Debtors also list two mink coats which should be appraised to discover if there is non-exempt value available for repayment of creditors. Debtors list monthly expenses that are unreasonably high and which they have not demonstrated are both accurate and necessary including $500 for electricity, $150 for clothing, $490 for transportation, and $700 for a piano.

D.  <u>Liquidation of the Debtors' Estate Would Pay More for Unsecured Claims</u>

Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the amounts to be paid under their First Amended Chapter 13 Plan appear to be less than the amounts that would be paid to unsecured creditors if their assets were liquidated under Chapter 7. As referenced above, Debtors appear to have excess equity in their real estate holdings.

4

WHEREFORE, the Secretary requests that confirmation of Debtors' First Amended Chapter 13 Plan be denied.

    Respectfully Submitted,

    Kate S. O'Scannlain
    Solicitor of Labor

    Oscar L. Hampton III
    Regional Solicitor

    */s/ Jodeen M. Hobbs*
    Jodeen M. Hobbs
    Regional Counsel for ERISA

    */s/ John M. Strawn*
    John M. Strawn
    Attorney

    Office of the Solicitor
    The Curtis Center, Suite 630E
    170 S. Independence Mall West
    Philadelphia, PA 19106-3306
    Phone: 215.861.5143/45
    Fax: 215.861.5162
    Mobile 215.919.3022
    hobbs.jodeen@dol.gov
    strawn.john@dol.gov

    U.S. DEPARTMENT OF LABOR

    Attorneys for Secretary of Labor

    October 7, 2020

5

Case 1:20-bk-00841-HWV    Doc 98    Filed 10/07/20    Entered 10/07/20 14:11:45    Desc
Main Document    Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Secretary of Labor's Objection to Confirmation of Debtors' First Amended Chapter 13 Plan were served by the Court's CM/ECF system this 7th day of October, 2020 on each of the following:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Dorothy L. Mott, Esquire
Counsel for Debtors
Mott & Gendron
125 State Street
Harrisburg, PA 17101

*/s/ John M. Strawn*
John M. Strawn
Attorney

6